# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
#### No. 5:25-CV-816

LATASHA MICHELE REGIS,      )
           )
       Plaintiff,         )
           )
       v.              )           **ORDER**
           )
JUDGE KEVIN BOXBERGER, in his    )
Official Capacity; LAUREN KAYANI, in   )
her Official Capacity; and ASHLEY      )
OLDHAM, in her Individual Capacity,    )
           )
       Defendants.      )

On December 17, 2025, plaintiff filed a complaint against the defendants [D.E. 1] and a motion to proceed in forma pauperis [D.E. 2]. On December 17, 2025, plaintiff filed a motion for a temporary restraining order [D.E. 5]. On December 18, 2025, the court referred the matter to United States Magistrate Judge Robert B. Jones, Jr. for a memorandum and recommendation [D.E. 6]. See 28 U.S.C. § 636(b)(1)(B).

On February 26, 2026, Magistrate Judge Jones issued a memorandum and recommendation ("M&R") [D.E. 7]. In the M&R, Magistrate Judge Jones recommended that the court dismiss plaintiff's complaint and deny as moot her motion to proceed in forma pauperis. See id. at 8-9.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

Neither party objected to the M&R. Therefore, the court reviews for clear error. The court has reviewed the M&R and the record. There is no clear error on the face of the record. See Diamond, 416 F.3d at 315.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 7], GRANTS plaintiff's request to proceed in forma pauperis [D.E. 2], DISMISSES plaintiff's complaint for failure to state a claim, and DISMISSES plaintiff's motion for a temporary restraining order [D.E. 5].

SO ORDERED. This 25 day of March, 2026.

JAMES C. DEVER III
United States District Judge

Case 5:25-cv-00816-D-RJ    Document 8    Filed 03/25/26    Page 2 of 2